# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Virgil Napier Jr. | ) | Case Number: 16-20239 (4) |
| | ) | USM Number: 51800-039 |
| | ) | Richard O'Neill |
| | ) | Defendant's Attorney |

**Date of Original Judgment:** 9/25/2017
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Other:

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1 of the First Superseding Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 2252A(g) | Child Exploitation Enterprise | 3/10/2016 | 1s |

The defendant is sentenced as provided in pages 2 through   10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)  All remaining counts  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/14/2017
Date of Imposition of Judgment

s/Judith E. Levy
Signature of Judge

Judith E. Levy, U.S. District Judge
Name and Title of Judge

September 28, 2017
Date

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

240 months

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to a facility with a sex offender treatment program
Designation to FCI Milan

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 9/216) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
Case 5:16-cr-20239-JEL-APP ECF No. 312 filed 09/28/17 PageID.6443 Page 5 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 10

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# SPECIAL CONDITIONS OF SUPERVISION

☐ The defendant shall participate in the home confinement program for a period of _____.
　☐ The cost of electronic monitoring is waived.

☐ The defendant shall make monthly payments on any remaining balance of the:
　☐ restitution,　☐ fine,　☐ special assessement
　at a rate and schedule recommended by the Probation Department and approved by the Court.

☐ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

☐ The defendant shall provide the probation officer access to any requested financial information.

☑ The defendant shall participate in a program approved by the Probation Department for mental health counseling.
　☑ If necessary.

☐ The defendant shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
　☐ If necessary.

**Additional Terms of Special Conditions:**

The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords and Internet Service Providers, that the defendant has potential access to and abide by all rules of the United States Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the probation officer. The defendant shall consent to the probation officer conducting periodic, unannounced examinations of all computer systems, which may include computer monitoring software at the defendant's expense. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the United States Probation Department at a reasonable time and manner. You shall inform any other residents, that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

The defendant shall successfully complete any sex offender diagnostic evaluations, treatment/counseling programs and polygraph examinations as directed by the probation officer. Reports pertaining to sex offender assessments, treatment, and polygraph examinations shall be provided to the probation officer. As directed by the Court, the defendant shall pay all or part of the cost of the diagnostic evaluations, treatment or counseling programs, and polygraph examinations based upon their ability to pay.

The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue that depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available.

The defendant shall not associate with minor children under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer. The defendant shall not frequent places where children congregate on a regular basis (such as but not limited to school grounds, playgrounds, child toy stores, video arcades, etc.).

The defendant shall submit his person, residence, office, vehicle(s), papers, business or place of employment, and any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 5:16-cr-20239-JEL-APP ECF No. 312 filed 09/28/17 PageID.6444 Page 6 of 10

Judgment — Page **6** of **10**

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 160,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Guardian of MV-1<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-2<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-3<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-4<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-5<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-6<br>Provided to the Clerk's Office | | $5,000.00 | |

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

TOTALS $ 0.00 $ 160,000.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for  ☐ fine  ☑ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

***Restitution will remain open for the series victims for a period of ninety (90) days.***

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 03/16) Amended Judgment in a Criminal Case
Sheet 5 A — Criminal Monetary Penalties   (NOTE: Identify Changes with Asterisks (*))

Case 5:16-cr-20239-JEL-APP   ECF No. 312   filed 09/28/17   PageID.6445   Page 7 of 10

Judgment—Page  7  of  10

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# ADDITIONAL RESTITUTION PAYEES

| Payee | Amount | Address |
|---|---|---|
| Guardian of MV-7 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-8 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-9 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-10 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-11 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-12 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-13 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-14 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-15 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-16 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-17 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-18 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-19 | $5,000 | Provided to the Clerk's Office |
| Guardian of MV-20 | $5,000 | Provided to the Clerk's Office |

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 5:16-cr-20239-JEL-APP ECF No. 312 filed 09/28/17 PageID.6446 Page 8 of 10

Judgment — Page 8 of 10

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Guardian of MV-22<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-25<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-26<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-27<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-28<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-29<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-30<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-31<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-32<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-33<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-34<br>Provided to the Clerk's Office | | $5,000.00 | |
| Guardian of MV-36<br>Provided to the Clerk's Office | | $5,000.00 | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Virgil Napier Jr.
CASE NUMBER:  16-20239 (4)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with  ☐ C,  ☐ D,  ☑ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☑  Payment during the term of supervised release will commence after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.




☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: Virgil Napier Jr.
CASE NUMBER: 16-20239 (4)

## ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit the following to the United States under 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C. § 2428:

1. Thermaltake Custom Desktop Computer, labeled on side with Level 10 GT Driving Inspiration

2. Toshiba Satellite Laptop, Model C75D-B7300, Serial No.: 9E032508U and power cord

3. Western Digital My Passport External Hard Drive, Serial No.: WX41A3085946

4. FannerTech USA external hard drive and power cord, Model MNSSCOOL

5. Seagate External hard drive and power cord, Serial No.: 100662969

6. Dell Alienware Desktop Computer, service tag FLCQVH1